**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

ANTHONY'S PIZZA HOLDING COMPANY, LLC
d/b/a Anthony's Coal Fired Pizza at
2626 Ponce de Leon Boulevard and
NEW SIROLO, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Anthony's Pizza Holding Company, LLC doing business as Anthony's Coal Fired Pizza on Ponce de Leon Boulevard and Defendant New Sirolo, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" of public accommodations for compliance with the ADA/ADAAG.

5. Defendant Anthony's Pizza Holding Company, LLC (also referenced as "Defendant Pizza Co," "operator," lessee" or "co-Defendant") is a Florida limited liability company.

6. Defendant New Sirolo, LLC (also referenced as "Defendant New Sirolo," "lessor," "owner," or "co-Defendant") is a Florida limited liability company and is the owner of real property located at 2626 Ponce de Leon Boulevard, Miami Florida 33134. Defendant New Sirolo's real property is more fully designated as Folio 03-4117-005-2520 and is a commercial property which is built-out as a restaurant.

## FACTS

7. Defendant New Sirolo leases its commercial property to co-Defendant Pizza Co (the lessee). The lessee in turn operates its Anthony's Coal Fired Pizza restaurant within that leased space.

8. The Anthony's Coal Fired Pizza on Ponce de Leon Boulevard restaurant serves food and drinks and is open to the general public and therefore is a place of public

accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Anthony's Coal Fired Pizza on Ponce de Leon Boulevard restaurant which is the subject to this action is also referred to as "Anthony's Coal Fired Pizza (restaurant)," "Anthony's restaurant on Ponce de Leon Boulevard," "restaurant," or "place of public accommodation."

9.  Anthony's Coal Fired Pizza restaurants are a chain of casual Italian pizza restaurants. Defendant Pizza Co was founded in 2002 by the Anthony Bruno, Jr., the son of a New York restaurateur who had been operating its Runway 84 Italian restaurant in Fort Lauderdale since 1982. Anthony Bruno Jr. brought the concept of coal fired pizza ovens to South Florida and since its 2002 inception, Anthony's Coal Fired Pizza has achieved a cult-like following of pizza enthusiasts and operates sixty locations nationwide. As the owner/operator of a chain of restaurants open to the public, Defendant Pizza Co is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. Due to the close proximity of the Anthony's Coal Fired Pizza restaurant to Plaintiff's home, on December 2, 2021 Plaintiff went to the restaurant with the intent of purchasing a meal, eating in the dining area located therein and testing the public accommodation for compliance with the ADA/ADAAG.

11. On patronizing the Anthony's restaurant on Ponce de Leon Boulevard, Plaintiff had difficulty perambulating in his wheelchair through the restaurant to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the

fact that he is a wheelchair. Further, the restaurant exterior seating does not comply with ADAAG and ADA standards.

12. Due to the inaccessible restroom facilities and non-complaint egress and outdoor dining, Plaintiff has been denied full and equal access by the co-Defendants.

13. While Plaintiff had purchased and ate a meal at the Anthony's Coal Fired Pizza restaurant, Plaintiff left feeling excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Anthony's restaurant on Ponce de Leon Boulevard.

15. On information and belief, Defendant Pizza Co is well aware of the need to provide equal access to individuals with disabilities as it is an entity which operates sixty Anthony's Coal Fired Pizza brand restaurants nationwide. Defendant Pizza Co's failure to reasonably accommodate individuals with disabilities at its 2626 Ponce de Leon Boulevard restaurant location is/was willful, malicious and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. As the owner of commercial property which is utilized as a restaurant open to the general public, Defendant New Sirolo is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2). As an investor in commercial property Defendant New Sirolo is aware of the ADA and the need to provide for equal access, therefore its failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

17. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Pizza Co) and by the owner of the commercial property which houses the restaurant (Defendant New Sirolo).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff is and has been a customer of Anthony's Coal Fired Pizza restaurants and continues to desire to return to the Anthony's restaurant 2626 Ponce de Leon Boulevard location to purchase a meal and dine in the area provided, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. More than thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Anthony's Coal Fired Pizza restaurant on Ponce de Leon Boulevard in order to test the facility for compliance with the ADA/ADAAG, and purchase and eat a meal in the dining area provided therein. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Pizza Co (operator of the Anthony's restaurant on Ponce de Leon Boulevard) and Defendant New Sirolo (owner of the commercial property operated as a that Anthony's restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at that restaurant in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Anthony's restaurant on Ponce de Leon Boulevard.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial property which is owned by Defendant New Sirolo houses an Anthony's restaurant which is operated by Defendant Pizza Co. This commercial space is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.* and both the owner/lessor and the tenant/lessee are discriminating against Plaintiff as a result of *inter alia* the following specific violations:

   i. As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), the restaurant exterior dining area does not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Section 902 (provision of accessible toe and knee clearance) and 903 (bench table seating), which requires that all dining areas, including outdoor seating areas be accessible in clear floor/ground space, size and height.

   ii. As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating to the

      men's restroom, as the restaurant furniture encroaches onto the accessible route. The fact that the passageway to the restroom is obstructed is a violation of Section 4.3.3 of the ADAAG which states "at least one accessible route shall connect accessible … spaces that on the same site" and Sections 403.5.1 and 403.5.2 of the 2010 ADA Standards for Accessible Design which state that the clear width of walking surfaces shall be 36 inches (915 mm) long minimum and 36 inches (915 mm) wide minimum.

iii. As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty locking the bathroom toilet compartment stall door as that hardware is not designed to accommodate the ability to lock the door with a closed fist, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds). Handles, pulls, and latches must have hardware in a shape that is easy to grasp one hand as required by 28 C.F.R., Part 36 Section 4.13.9. Further, Section 4.27.4 of the 2010 ADA Standards for Accessible Design requires controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs.

iv. As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which

    specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

v. As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

vi. As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position as it is mounted at non-compliant distance in front of the water closet in violation of Sections 604.9.6 of the 2010 ADA Standards for Accessible Design.  ADAAG §§604 and 604.7 state that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow

       continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

vii.    As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink (outside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in 485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

viii.    As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so it is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

  ix. As to Defendant Pizza Co (lessee/operator) and Defendant New Sirolo (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

 30. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants are required to make the Anthony's restaurant on Ponce de Leon Boulevard accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

 31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

 **WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant New Sirolo, LLC (owner of the commercial property housing the Anthony's Coal Fired Pizza restaurant) and Defendant Anthony's Pizza Holding Company, LLC (the operator of the restaurant) and requests the following relief:

  a) The Court declare that Defendants have violated the ADA;

  b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

  c) The Court enter an Order requiring Defendants to alter the commercial property and the Anthony's Coal Fired Pizza restaurant located therein such that

all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 4th day of December 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*